MINUTE ENTRY          3:00 p.m.

   UNITED STATES OF AMERICA -V- JUAN QUITUGUA

PRESENT: HON. JUAN LIZAMA, DESIGNATED JUDGE PRESIDING
  K. LYNN LEMIEUX, COURTROOM DEPUTY
  FAYE CROZAT, COURT REPORTER
  TIMOTHY MORAN,  ASSISTANT U.S. ATTORNEY
  G. ANTHONY LONG, ATTORNEY FOR DEFENDANT
  JUAN QUITUGUA, DEFENDANT

PROCEEDINGS: BAIL HEARING

 Defendant Juan Quituqua appeared with counsel, G. Anthony Long.  Government was represented by Timothy Moran, AUSA.

 Government noted that the Courtroom was open to the public; however, he still moved that the paperwork in this matter remained sealed.  Court so ordered.

 Attorney Long moved for release on the recommended conditions of release as provided by the U.S. Probation Office.

 Government stated that the defendant appears to be a flight risk due to the nature of the charges against him.  Further, the Government suggested that conditions of release suggested by the U.S. Probation Office and a $50,000 bail either in cash or property.

 Attorney Long argued that the $50,000 bail was too high for the type of crime alleged and that the defendant couldn't meet that kind of bail with homestead property.  Attorney Long suggested that the family could put up property for this purpose.

 Court recessed at 3:25 p.m. so that Attorney Long could discuss the matter with the family members.  Court reconvened at 3:30 p.m.

 Attorney Long stated that one of the relatives was willing to post a piece of property worth $80,000.

 Court stated that the defendant would be released under the following conditions of release:

 1.  That the defendant shall post the Koblerville property owned by Louise Noisom as bail;

 2.  That the defendant shall report to the United States Probation Office for Pretrial Services Supervision;

 3.  That the defendant shall not leave Saipan without prior approval of the Court;

 4.  That the defendant shall avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution except in the presence of his attorney in preparation for defense;

5.  The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon;

6.  The defendant shall refrain from ANY use of alcohol and submit to breathalyser tests as directed by the U.S. Probation Office;

7.  The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances;

8.  The defendant shall submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance.  Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing;

9.  The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is required as a condition of release;

10.  The defendant shall participate in the home confinement program CURFEW (6:00 pm to 6:00 am) component of the program which will include electronic monitoring or other location verification system and pay all or part of the cost of the program based upon ability to pay as determined by the pretrial services office or supervising officer.

Defendant was remanded back into the custody of the U.S. Marshal.

Adj. 3:45 p.m.


;    [KLL EOD 07/21/2005]