FILED
Clerk
District Court

JUL 29 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL CASE NO. 05-00023 |
| Plaintiff | ) |
| v. | ) SUBMISSION OF MORTGAGES |
| JOHN QUITUGUA | ) |
| Defendant | ) |

Attached hereto are the mortgages for Lot No. 005 I 559 filed with the Commonwealth Recorder's Office. One of the mortgages is executed by Sisi Marie Quitugua Noisom and David Eric Quitugua Noisom. The other mortgage is executed by Luise Noison.

Dated this 29$^{9th}$ day of July, 2005.

Law Office of G. Anthony Long

By: _____
G. Anthony Long

FILE: 05-22*65*

'05 JUL 29 P3:?1

_____
(Space above is for recording purpose only)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

### MORTGAGE

**MORTGAGOR IS ENTITLED AT HIS OR HER COST TO A TRANSLATION OF THE MORTGAGE INSTRUMENT IN EITHER CHAMORRO OR CAROLINIAN. UPON REQUEST OF EITHER PARTY TO THE MORTGAGE TRANSACTION, A TRANSLATION SHALL BE PROVIDED IN EITHER CHAMORRO OR CAROLINIAN; HOWEVER, THE ENGLISH DOCUMENT SHALL BE THE SOLE OPERATIVE VERSION. AN ERROR OR ERRORS IN THE TRANSLATED VERSION SHALL NOT AFFECT THE LEGAL RELATIONSHIP BETWEEN THE PARTIES UNLESS IT IS PROVED THAT THE ERROR WAS WILLFULLY OR RECKLESSLY CAUSED BY THE PARTY TO THE CHARGED.**

This **MORTGAGE** is made this _22_ day of July, 2005 by Liza Marie Quitugua Noisom, Sisi Noisom Alvarez, formerly known as Sisi Marie Quitugua Noisom and David Eric Quitugua Noisom herein after known as "Mortgagor", in favor of the United States of America, hereinafter known as "Mortgagee".

### WITNESSETH:

This **MORTGAGE** secures a pledge by the Mortgagor of Mortgagor's fee simple interest in real property located in Saipan, Commonwealth of the Northern Mariana Islands to the extent necessary to extinguish an obligation of Mortgagor's uncle, John Quitugua ("Quitugua") in that certain case known as *United States of America v. John Quitugua*, United States District Court Criminal Case No. 05-00023, hereinafter referred to as "Criminal Case". This Mortgage secures an obligation in the amount of **FIFTY THOUSAND DOLLARS ($50,000.00)** property bond in favor of the United States of America for 1) release from custody and to secure Quitugua's appearance in accordance with all orders and directions of the Court relating to the Criminal Case and his release on bail

The Mortgagor, in consideration of the premises and the aforesaid promises of

Page 1 of 4

Quitugua to appear and for the purposes thereinafter set forth has irrevocably mortgaged, granted, encumbered, conveyed and confirmed, and do by these presents irrevocably mortgage, grant, encumber, and convey unto the Mortgagee, its successors and assigns, the following described property situated in Saipan, Northern Mariana Islands, and more particularly described as follows:

> Lot No. 005 I 559 containing an area of 1,413 square meters, more or less, as more particularly described on Division of Lands and Surveys Official Cadastral Plat Number 005 I 11 dated December 1, 1983.

Including all improvements, appurtenances and easements used in connection therewith, all water and water rights (whether riparian, appropriative, or otherwise, and whether or not appurtenant) used in connection therewith.

### FOR THE PURPOSE OF SECURING:

The release and appearance of Quitugua in the Criminal Case.

### MORTGAGOR AGREES AS FOLLOWS:

1.   To properly care for and keep said property and the buildings and improvements situated thereon in good condition and repair; and otherwise to protect and preserve the same; not to remove or demolish any building or improvement situated therein; to complete or restore promptly and in good workmanlike manner, any building or improvement which may be constructed, damaged or destroyed thereon, and pay in full all costs incurred therefore, not to commit or permit waste of property; to comply with all laws, covenants, conditions or restrictions affecting the property.

2.   If Mortgagor or Mortgagor's successor in interest sells, conveys, alienates, assigns or transfers the Property, or any part thereof, or any interest therein, in any manner whether voluntary or involuntary, or upon default of the performance of any agreement hereunder, then Mortgagee shall have the right, as its option, to exercise any and/or all rights available to Mortgagee hereunder and/or as given to Mortgagee by law. In the event of a foreclosure suit and foreclosure sale, the proceeds of sale shall be applied first to reasonable attorney's fees and then to the amount of the Bond secured hereby. If the proceeds of such sale are not sufficient to pay the amounts due secured hereby together with the costs of such sale, the Mortgagor agrees hereby to pay the deficient amount upon demand and any court may give a decree against the Mortgagor for any such balance due.

3.   Upon the performance of all obligations, hereunder, and the conclusion of the Criminal Case, Mortgagee shall release the interest vested in it hereby and issue a certificate of discharge, release or security agreement or a document of like effect.

4.  This Mortgage cannot be changed orally and shall inure to and bind the heirs, devises, legal representatives, successors, and assigns of the parties hereto. The rights or remedies granted hereunder or by law shall not be exclusive but shall be concurrent and cumulative.

**IN WITNESS WHEREOF**, the Mortgagor has hereunto executed this Mortgage the day and year first above written.

_____          _____
Liza Marie Quitugua Noisom                Sisi Noisom Alverez

_____
David Eric Quitugua Noisom

## ACKNOWLEDGMENT

On this _____ day of July, 2005 before me personally appeared. Liza Marie Quitugua Noisom known to me or proven to me to be the person whose name is subscribed to the foregoing Mortgage of Lot No. 005 1 559, and acknowledged that she executed the same as her own free act and deed.

**IN WITNESS WHEREOF**, I have hereunto set my hand and affixed my official seal the day and year first above written.

May 16, 2007
_____
Notary Public

## ACKNOWLEDGMENT

On this _22_ day of July, 2005 before me personally appeared David Eric Quitugua Noisom known to me or proven to me to be the person whose name is subscribed to the foregoing Mortgage of Lot No. 005 1 559 and acknowledged that he executed the same as his own free act and deed.

**IN WITNESS WHEREOF**, I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
Notary Public

RUTH BELLAH
Commission # 1336267
Notary Public - California
Fresno County
My Comm. Expires Jan 21, 2006

Page 3 of 4

## ACKNOWLEDGMENT

On this 22 day of July, 2005 before me personally appeared. Sisi Noisom Alvarez known to me or proven to me to be the person whose name is subscribed to the foregoing Mortgage of Lot No. 005 1 559, and acknowledged that she executed the same as her own free act and deed.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my official seal the day and year first above written.

_Ruth Bellah_
Notary Public

```
RUTH BELLAH
Commission # 1336267
Notary Public - California
Fresno County
My Comm. Expires Jan 21, 2006
```

Page 4 of 4

FILE NO. 05-2/02

'05 JUL 21 ~ :35

_____
(Space above is for recording purpose only)

B / C9

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS


MORTGAGE

MORTGAGOR IS ENTITLED AT HIS OR HER COST TO A TRANSLATION OF THE MORTGAGE INSTRUMENT IN EITHER CHAMORRO OR CAROLINIAN. UPON REQUEST OF EITHER PARTY TO THE MORTGAGE TRANSACTION, A TRANSLATION SHALL BE PROVIDED IN EITHER CHAMORRO OR CAROLINIAN; HOWEVER, THE ENGLISH DOCUMENT SHALL BE THE SOLE OPERATIVE VERSION. AN ERROR OR ERRORS IN THE TRANSLATED VERSION SHALL NOT AFFECT THE LEGAL RELATIONSHIP BETWEEN THE PARTIES UNLESS IT IS PROVED THAT THE ERROR WAS WILLFULLY OR RECKLESSLY CAUSED BY THE PARTY TO THE CHARGED.


This **MORTGAGE** is made this 21st day of July, 2005 by Luise Ilisari Quitugua Noisom herein after known as "Mortgagor", who resides on Saipan, MP 96950, in favor of the United States of America, hereinafter known as "Mortgagee".

WITNESSETH:

This **MORTGAGE** secures a pledge by the Mortgagor of Mortgagor's fee simple interest in real property located in Saipan, Commonwealth of the Northern Mariana Islands to the extent necessary to extinguish an obligation of Mortgagor's brother, John Quitugua ("Quitugua") in that certain case known as *United States of America v. John Quitugua*, United States District Court Criminal Case No. 05-00023, hereinafter referred to as "Criminal Case", in the amount of **FIFTY THOUSAND DOLLARS** ($50,000.00) property bond in favor of the United States of America for 1) release from custody and to secure Quitugua's appearance in accordance with all orders and directions of the Court relating to the Criminal Case and his release on bail

The Mortgagor, in consideration of the premises and the aforesaid promises of Quitugua to appear and for the purposes thereinafter set forth has irrevocably mortgaged,

Page 1 of 4

granted, encumbered, conveyed and confirmed, and do by these presents irrevocably mortgage, grant, encumber, and convey unto the Mortgagee, its successors and assigns, the following described property situated in Saipan, Northern Mariana Islands, and more particularly described as follows:

> Lot No. 005 I 559 containing an area of 1,413 square meters, more or less, as more particularly described on Division of Lands and Surveys Official Cadastral Plat Number 005 I 11 dated December 1, 1983.

Including all improvements, appurtenances and easements used in connection therewith, all water and water rights (whether riparian, appropriative, or otherwise, and whether or not appurtenant) used in connection therewith.

### FOR THE PURPOSE OF SECURING:

The release and appearance of Quitugua in the Criminal Case.

### MORTGAGOR AGREES AS FOLLOWS:

1.   To properly care for and keep said property and the buildings and improvements situated thereon in good condition and repair; and otherwise to protect and preserve the same; not to remove or demolish any building or improvement situated therein; to complete or restore promptly and in good workmanlike manner, any building or improvement which may be constructed, damaged or destroyed thereon, and pay in full all costs incurred therefore, not to commit or permit waste of property; to comply with all laws, covenants, conditions or restrictions affecting the property.

2.   If Mortgagor or Mortgagor's successor in interest sells, conveys, alienates, assigns or transfers the Property, or any part thereof, or any interest therein, in any manner whether voluntary or involuntary, or upon default of the performance of any agreement hereunder, then Mortgagee shall have the right, as its option, to exercise any and/or all rights available to Mortgagee hereunder and/or as given to Mortgagee by law. In the event of a foreclosure suit and foreclosure sale, the proceeds of sale shall be applied first to reasonable attorney's fees and then to the amount of the Bond secured hereby. If the proceeds of such sale are not sufficient to pay the amounts due secured hereby together with the costs of such sale, the Mortgagor agrees hereby to pay the deficient amount upon demand and any court may give a decree against the Mortgagor for any such balance due.

3.   Upon the performance of all obligations, hereunder, and the conclusion of the Criminal Case, Mortgagee shall release the interest vested in it hereby and issue a certificate of discharge, release or security agreement or a document of like effect.

4.   This Mortgage cannot be changed orally and shall inure to and bind the heirs,

devises, legal representatives, successors, and assigns of the parties hereto. The rights or remedies granted hereunder or by law shall not be exclusive but shall be concurrent and cumulative.

**IN WITNESS WHEREOF**, the Mortgagor has hereunto executed this Mortgage the day and year first above written.

_____
Luise Q. Noisom

### SPOUSAL CONSENT

I, Derry Noisom, the spouse of Luise Q. Noisom, hereby consent to this Mortgage of Lot 005 I 559 to secure the pretrial release of John Quitugua.

_____
Derry Noisom

### ACKNOWLEDGMENT

On this 21st day of July, 2005 before me personally appeared Luise Q. Noisom known to me or proven to me to be the person whose name is subscribed to the foregoing Mortgage, and acknowledged that she executed the same as her own free act and deed.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
Notary Public

### ACKNOWLEDGMENT

On this 21st day of July, 2005 before me personally appeared Derry Noisom known to me or proven to me to be the person whose name is subscribed to the foregoing Spousal Consent, and acknowledged that he executed the same as his own free act and deed.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
Notary Public

ALISON L. LUPIN
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
Commission expires: May 17, 2007