Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-0023 |
| Plaintiff | ) |
| v. | ) DEFENDANT'S MEMORANDUM |
| | ) SUPPORTING MOTION TO |
| | ) COMPEL DISCOVERY |
| JUAN QUITUGUA | ) |
| | ) Date: Oct. 6, 2005 |
| Defendant | ) Time: 9:00 a.m. |
| | ) |

FRCrP Rule 16 allows Quitugua to discover 1) all written and recorded statements she made, 2) the substance of all oral statements which the government intends to offer as evidence at trial, 3) a copy of the defendant's prior criminal record, 4) all books, papers, documents, photographs, tangible objects, buildings or places which are material to the preparation of the defense or are intended for use by the government at trial or were obtained from or belong to the defendant,

Page 1 of 11

and 5) the results or reports of physical examinations, and scientific tests or experiments which are material to the preparation of the defense or which the government intends to use as evidence at trial. Quitugua acknowledges that the prosecution has provided limited discovery. *See* Attachment A. However, this limited discovery is not the complete discovery Quitugua is entitled to under Rule 16. Accordingly, Quitugua requests discovery of the following under FRCrP Rule 16:

1. The substance of each and every oral statement made by Quitugua prior to, contemporaneous with, and subsequent to his arrest.

2. The identity of each and every informant who provided information to governmental officials or agents concerning the charge against Quitugua.

3. The identity of each and every person who witnessed the alleged acts or actions of Quitugua which serve as a basis for the charge against Quitugua.

4. Any and all documents which are material to the preparation of Quitugua's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Quitugua or any other defendant, co-conspirator, witness or person which relates to any of the charges against Quitugua.

5. A copy of any and all statements made by any and all co-conspirators.

6. The result of each and every examination and test relating to the alleged contraband possessed or distributed by Quitugua.

7. The result of each and every examination and test relating to the alleged contraband possessed or distributed by any co-conspirator of Quitugua.

8. A copy of the documentation reflecting the chain of custody of any and all physical evidence to be used against Quitugua

at trial.

9. A copy of any and all written statements taken by government agents obtained from persons whom the government intends to call as witnesses at trial.

10. A copy of each and every criminal conviction of each and every person the government intends to call as a witness at trial.

11. A copy of Quitugua's prior criminal record.

12. A copy of each and every written or recorded statement made by Quitugua which is related to this case.

13. A copy of all original or rough hand written notes taken or made by governmental officials or agents based upon interviews with each and every person the government interviewed in investigating the case which led to the

Page 4 of 11

indictment against Quitugua.

14. The identity of each and every alleged co-conspirator of Quitugua.

15. A copy of the personnel file of each and every employee and agent of the United States of America that the government intends to call as a witness at trial.

16. A copy of the personnel file of each and every employee and agent of the CNMI that the government intends to call as a witness at trial.

17. The identify of each and every expert witness the prosecution intends to call as a witness at trial.

18. A summary of the testimony of each expert witness the government intends to call at trial under FRE Rules 702, 703 and 705, which summary shall describe the witnesses'

opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

19. Inspection of any and all physical items which are material to the preparation of Quitugua's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Quitugua or any other defendant, co-conspirator, witness or person which relates to any of the charges against Quitugua.

20. A copy of each and every photograph or electronic image which is material to the preparation of Quitugua's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Quitugua or any other defendant, co-conspirator, witness, or person which relates to any of the charges against Quitugua.

21. A copy of any and all video recordings which are material to the preparation of Quitugua's defense or are intended for

use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Quitugua or any other defendant, co-conspirator, witness, or person which relates to any of the charges against Quitugua.

22. A copy of any and all tape recordings which are material to the preparation of Quitugua's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Quitugua or any other defendant, co-conspirator, witness, or person which relates to any of the charges against Quitugua.

23. A copy of any and all transcripts of tape recordings which are material to the preparation of Quitugua's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Quitugua or any other defendant, co-conspirator, witness, or person which relates to any of the charges against Quitugua.

## II. QUITUGUA IS ENTITLED TO RULE 12(b)(4)(B) NOTICE

Rule 12(b)(4)(B) provides as follows:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Quitugua requests the Rule 12(b)(4)(B) notice.

## III. QUITUGUA IS ENTITLED TO FRE RULE 404(b) DISCOVERY

FRE 404(b) provides that the prosecution, in a criminal case, shall provide reasonable notice in advance of trial of the general nature of any prior bad acts it intends to introduce at trial. The prosecution should provide Quitugua with pretrial disclosure of each prior bad act it intends to introduce at trial.

## IV. QUITUGUA IS ENTITLED TO PRODUCTION OF EXCULPATORY MATERIAL

The prosecution must provide Quitugua with all evidence favorable to the defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). Pursuant to *Kyles v. U. S.*, 514 U.S. 419, 115 S.Ct. 1555 (1995), in fulfilling its *Brady* obligations the prosecution has a **duty** to learn of any favorable evidence known to others acting

Page 8 of 11

on the government's behalf in the case, including the police. *Kyles,* 514 U.S. at 437, 115 S.Ct. at 1567. Specifically, *Kyles* states:

> ... the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such [undisclosed favorable] evidence and make disclosure when the point of "reasonable probability" is reached. **This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police.**

*Id.* (emphasis added). Moreover, the prosecution has a duty to obtain and review the applicable governmental agency files relating to its principal witness, and to disclose any material, impeaching evidence. *Carriger v. Stewart,* 132 F.3d 463, 479-80 (9th Cir.1997). Thus, *Brady* imposes the duty upon the prosecution to search and disclose material known to or possessed by agencies involved in the investigation or prosecution of defendant, *United States v. Zuno-Arce,* 44 F.3d 1420, 1427 (9th Cir.1995) as well as agencies interested in the prosecution, *United States v. Wood,* 57 F.3d 733 (9th Cir.1995).

*Brady* material includes, but is not limited to impeachment evidence, *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985), negative exculpatory statements which includes statements that fail to mention defendant, *Jones v. Jago,* 575 F. 1164 (6th Cir. 1978); *United States v. Torres,* 719 F.2d 549 (2nd 1985), 2) prior inconsistent statements of a witness, *United*

*States v. Peters*, 732 F.2d 1004 (1st Cir. 1984); *Chaney v. Brown*, 730 F.2d 1334 (10th Cir. 1984), pecuniary or other interest of a witness, *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), bias of a witness, *United States v. Sperling*, 726 F.2d 69 (2nd Cir. 1984), favors a witness received from the government, *United States v. Burnside*, 824 F. Supp. 1215 (N.D. Ill 1993), promises made a witness by the government, *United States v. Mayer*, 556 F.2d 245 (5th Cir. 1977); *Haber v. Wainwright*, 756 F.2d 1520 (11th Cir 1985), bad character of a witness, *United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993); *Brumel-Alvarez, supra*.

*Brady* material also includes favorable information found in the personnel file of governmental officials called to testify by the prosecution. *United States v. Henthorn*, 931 F.2d 29 (9th Cir.1991)

If the prosecution is uncertain as to whether *Brady* applies to certain information, it should not refuse to disclose the information, but it should submit the information to the trial court for an in camera inspection and evaluation. *See United States v. Agurs*, 427 U.S. 97, 106, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976).

## CONCLUSION

Quitugua is entitled to the requested discovery, Rule 12(b) discovery, FRE

Page 10 of 11

Rule 404 notice, and to the disclosure of *Brady* and other exculpatory material.

Law Office of G. Anthony Long

By: _____
G. Anthony Long

Page 11 of 11



**U.S. Department of Justice**

United States Attorney's Office
District of the Northern Mariana Islands
Assistant U.S. Attorney Patrick J. Smith

---

P.O. Box 500377

Saipan, MP 96950

TEL (670) 236-2952
FAX (670) 236-2985

September 6, 2005

**By Hand Delivery**

G. Anthony Long, Esq.
P.O. Box 504970
2nd Floor, Lim's Building
San Jose, Saipan, MP 96950

Re:   United States v. Quitugua, Cr. Case 05-00023

Dear Mr. Long:

    I write in response to your request for discovery, made by letter of August 27, 2005. The Government is herewith making an initial production of discovery materials pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure, as set forth below. The Government also seeks reciprocal discovery.

### Disclosure By the Government

    1.    Enclosed are copies of documents bates stamped QUIT0001 through QUIT0055. This production includes the following:

        a.    The defendant's written statement; and
        b.    The expert report of Special Agent John Quintinilla pursuant to Fed. R. Crim. P. 16(a)(1)(F).

    2.    The Government will supplement this production with copies of recordings of the defendant and any other material subject to production under Rule 16 as they become available.

    3.    **Brady and Giglio Material.** We understand you to have made requests for Brady material. The Government recognizes its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any Brady material regarding the defendants, but will provide timely disclosure if any such material comes to light. The Government will provide Giglio material, if any, in sufficient time for counsel to make appropriate use of such material, in any event, no later than the time it provides prior statements of witnesses pursuant to Title 18, United States Code, Section 3500.

### Disclosure By the Defendants

    In light of your requests for the foregoing discovery, the Government hereby requests reciprocal discovery under Rule 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the

United States v. Quitugua                                          2
Initial Discovery Letter

defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify. See Fed. R. Crim. P. 26.2; United States v. Nobles, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

The Government requests a response to our Rule 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

### Sentence Reduction for Acceptance of Responsibility

This Office will request the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b), in the event your client has not entered a plea of guilty four weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date.

Please contact us at your earliest convenience concerning the possible disposition of this matter.

Sincerely,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
TIMOTHY E. MORAN
Assistant U.S. Attorney

enc.