Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-0023 |
| | ) |
| Plaintiff | ) |
| | ) DEFENDANT'S MEMORANDUM |
| v. | ) SUPPORTING DISMISSAL OF |
| | ) COUNT THREE |
| JUAN QUITUGUA | ) |
| | ) Date: Oct. 6, 2005 |
| Defendant | ) Time: 9:00 a.m. |
| | ) |

**LAW OFFICE OF G. ANTHONY LONG**
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel: No. (670) 235-4802  Fax No: (670) 235-4801

## I. COUNT THREE SHOULD BE DISMISSED AS THE PROSECUTION CAN NOT PROVE THE REQUIRED JURISDICTIONAL ELEMENT

A jurisdictional element or jurisdictional "hook" is best described as "a provision in a federal statute that requires the government to establish specific facts justifying the exercise of federal jurisdiction in connection with any individual application of the statute." *United States v. Rodia*, 194 F.3d 465, 471 (3rd Cir. 1999). Such a jurisdictional element is present in Count 3.

Count 3 of the indictment charges Quitugua with violating 18 U.S.C. § 922(g)(3) which makes it:

> ......unlawful for any person ... who is *an unlawful user of or addicted to any controlled substance* (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)) ... *to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm* or ammunition;  or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

*United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001). Specifically, Quitugua is charged with possessing a handgun and ammunition in and affecting interstate commerce while being a user of ice. The essential jurisdictional element or jurisdictional "hook" which the prosecution must prove beyond a reasonable doubt to convict Quitugua is that he possessed a handgun and ammunition in or affecting interstate commerce. *See United States v. Palozie*, 166 F.3d 502, 503 (2nd Cir. 1999). Dismissal of Count 3 is appropriate because the prosecution cannot prove the essential jurisdictional element or hook in this case.

## A.    THE  COVENANT DOES NOT EXTEND THE COMMERCE CLAUSE TO THE COMMONWEALTH

The Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant") is the

Page 2 of 9

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802   Fax No: (670) 235-4801

sole source for the United States authority over the Northern Mariana Islands.

*United States ex. rel. Richards v. Guerrero*, 4 F.3d 749 (9th Cir. 1993). *See*

*Northern Mariana Islands v. United States,* 399 F.3d 1057, 1062 - 1063(9th Cir.

2005) [ "We do not dispute that 'the authority of the United States towards the

CNMI arises solely under the Covenant.'"]; *Sagana v. Tenorio*, 384 F.3d 731, 734

(9th Cir. 2004) [The United States' authority over the CNMI is not absolute as it is

limited by the Covenant]. Indeed, the Ninth Circuit has previously stated that "we

**emphasize** that 'the authority of the United States towards the CNMI arises solely

under the Covenant.'"   *Richards,* 4 F.3d at 754 quoting *Hillblom v. United States*,

896 F.2d 426, 429 (9th Cir. 1990)(emphasis added).   *Richards* further noted that:

> [t]he Covenant has created a "unique" relationship between
> the United States and the CNMI, and its provisions alone
> define the boundaries of those relations.  (citation omitted)

4 F.3d at 754. An examination of the jurisdictional reach of the commerce clause

in light of the Covenant reveals that § 922(g)(3)'s "jurisdictional hook" is

inapplicable in the Northern Mariana Islands[1].

Covenant § 501(a) extends certain, but not all, United States Constitutional

This squarely presents the issue avoided in *Hillblom*. 896 F.2d at 431["We have not been called upon to adjudicate a challenge to a specific statute which violates a provision of the Covenant or to interpret a particular section of the Covenant in light of a concrete and actual controversy."]

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel: (670) 235-4802  Fax No: (670) 235-4801

provisions to the NMI. *Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1439 (9th Cir. 1997); *Hillblom*, 896 F.2d at 428. The commerce clause is one of the constitutional provisions not extended to the NMI. *Id*; Since the Covenant does not extend the commerce clause to the NMI, the commerce clause cannot serve as a basis for jurisdiction.

A similar issue was addressed in *Fleming v. Department of Public Safety, Commonwealth of Northern Mariana Islands*, 837 F.2d 401(9th Cir. 1988) overruled on other grounds, *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir.1992). *Fleming* concerned the applicability of the 11th amendment and whether the NMI possessed 11th amendment immunity. In noting that the Covenant did not extend the 11th Amendment to the Commonwealth, *Fleming* ruled that:

> [f]rom the specificity with which the applicable provisions of the United States Constitution are identified, it is clear that the drafters considered fully each constitutional amendment and article for inclusion in the Covenant. That they deliberately declined to include the eleventh amendment unequivocally demonstrates their desire that the Commonwealth not be afforded eleventh amendment immunity. As the Supreme Court long ago observed, "in an instrument well drawn, as in a poem well composed, silence is sometimes most expressive." *Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419, 454, 1 L.Ed. 440 (1793) (opinion of Wilson, J.). Furthermore, neither the government of the United States nor of the Commonwealth has since approved any law, compact, or treaty that would have the effect of making the eleventh amendment applicable to the Commonwealth.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802    Fax No: (670) 235-4801

Under these circumstances, the most basic rule of statutory construction is that the plain language of the statute should be regarded as conclusive. (citations omitted). Where the language of the Covenant is as clear as it is here, and the legislative history and purpose are not to the contrary, we may not impose eleventh amendment immunity on the Commonwealth.

*Id* at 405 - 406. This same logic and rationale applies equally with respect to the commerce clause since the Covenant did not extend its application to the Commonwealth.

**B.    JURISDICTION IS NOT CONFERRED BY COVENANT § 502**

Give the inapplicability of the commerce clause, the only possible basis for existence of jurisdiction rests with Covenant § 502. Section 502 provides:

(a) [t]he following laws of the United States in existence on the effective date of this Section and subsequent amendments to such laws will apply to the Northern Mariana Islands, except as otherwise provided in this Covenant:

(1) those laws which provide federal services and financial assistance programs and the federal banking laws as they apply to Guam; Section 228 of Title II and Title XVI of the Social Security Act as it applies to the several States; the Public Health Service Act as it applies to the Virgin Islands; and the Micronesian Claims Act as it applies to the Trust Territory of the Pacific Islands;

(2) those laws not described in paragraph (1) which are applicable to Guam and which are of general application to the several States as they are applicable to the several states; and

(3) those laws not described in paragraphs (1) or (2) which are applicable to the Trust Territory of the Pacific Islands, but not their

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

subsequent amendments unless specifically made applicable to the Northern Mariana Islands, as they apply to the Trust Territory of the Pacific Islands until termination of the Trusteeship Agreement, and will thereafter be inapplicable.

(b)  The laws of the United States regarding coastal shipments and the conditions of employment, including the wages and hours of employees, will apply to the activities of the United States Government and its contractors in the Northern Mariana Islands.

Covenant §§ 502(a)(1), 502(a)(3) and 502(b) are not applicable on their face. This leaves Covenant § 502(a)(2)'s two prong test as the only possible Covenant provision which renders the 18 U.S.C. §922(g)(3) enforceable in the Commonwealth.  According to Covenant § 502 (a)(2), laws applicable to Guam and which are of general application to the several States apply in the Commonwealth as they are applicable to the several states.  *Fleming*, 837 F.2d at 406. Section  502 (a)(2)'s two prong test is meant to:

prevent the application of laws so as to reach **intraterritorial matters** within the Northern Marianas where similar intrastate matters with the states are not reached.  To reach such matters in the Northern Marianas would be inconsistent with the guarantee of local self-government.

**Section By Section Analysis of the Covenant to Establish a Commonwealth of the Northern Mariana Islands,** 53 (February 15, 1975)[2][emphasis added].

---

[2]
The Analysis is used to assist in discerning the meaning of the Covenant. *Northern Mariana Islands v. United States*, 399 F.3d 1057, 1065 (9th Cir. 2005).

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

However, the inherent and irreconcilable conflict between § 922(g)(3)'s

jurisdictional element and the inapplicability of the commerce and territorial

clauses to the CNMI precludes exercising jurisdiction over Count 3.

*Fleming* addressed the application of 11th Amendment Immunity to the

CNMI in the context of a 42 U.S.C. § 1983 claim. In noting that Covenant §

501(a) did not extend 11th Amendment immunity to the Commonwealth, the court

concluded that Covenant § 502(a)(2) did not provide a "back door" for extension

of the constitutional provision.

> [a] plain reading of the Covenant indicates a separation
> between constitutional and nonconstitutional provisions.
> We simply cannot subvert the well defined parameters
> of sections 501(a) and 502(a)(2) absent clear legislative
> intent. Were we to incorporate the eleventh amendment
> through section 502(a)(2), we would reduce that
> amendment to a mere "law" generally applicable to the
> states, as opposed to a constitutional provision.

837 F.3d at 406. The same basic rationale applies in this case. The commerce clause

was not extended to the CNMI and the Covenant does not otherwise give the United

States jurisdiction over intra-CNMI commerce or commerce between the CNMI and

any place outside thereof. Covenant § 502(a)(2) can not, therefore, serve as the

vehicle for imposition of federal criminal liability under 18 U.S.C § 922(g)(3). As

reasoned by *Magana*:

> "[i]f authority is found in a statue but not in the Constitution, the
> statute is unconstitutional. If authority is found in the Constitution
> but not in a statute, the jurisdiction does not exist because

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

Congress has not conferred it upon the courts."

107 F.3d at 1442 quoting Ray Forrester, **The Nature of a Federal Question**", 16 Tulane L. Rev. 363, n.4 (1942).

Because the commerce clause is not specifically extended to the CNMI by Covenant § 501, this precludes reliance on Covenant § 502(a)(2) for imposing the constitutional provision upon the CNMI. *Fleming*, 837 F.2d 401, 406, (9th Cir. 1988). To do so would reduce the constitutional provision to a mere "law". *Id* (emphasis in original). Accordingly, when a particular activity is beyond the reach of the commerce clause and a federal criminal statute aimed at the activity expressly incorporates the commerce clause as a jurisdictional element, then federal courts lack criminal jurisdiction over such activity. *See United States v. McCoy,* 323 F.3d 1114, 1124 - 1130 (9th Cir. 2003)[Statute's commerce clause "jurisdictional hook" is "useless" and it "provides no support for the government's assertion of federal jurisdiction" as the alleged activity does not fall within reach of the commerce clause]. This is precisely the circumstance in this case. The "jurisdictional hook" fails to confer jurisdiction.

Quitugua is aware that this district court recently denied a similar motion in *United States v. Vann Le,* Criminal Case No. 03-0001, (August 10, 2005 D. N.M.I.)(J. Tashima)[3]. In rendering this ruling it appears the court did not deny the motion on grounds that the commerce clause applied in the Commonwealth. In any event, the district court's ruling in *Vann Le* is neither precedent nor stare decisis. *Fleming*, however, is binding precedence and under *Fleming*, the commerce clause does not apply to the Commonwealth. This means the court lacks

[3] A transcript of the oral ruling is attached hereto.

Page 8 of 9

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802  Fax No: (670) 235-4801

jurisdiction over count 3, as the essential jurisdictional element of a § 922(g)(3) violation, the commerce clause, is inapplicable to and in the Commonwealth.

## CONCLUSION

Section 922(g)(3) is restricted only by the limits of the commerce clause. The Covenant, which governs the relationship between the Northern Mariana Islands and the United States, does not extend the commerce clause to the Northern Mariana Islands. Pursuant to *Fleming*, this circumstance results in the commerce clause, like the 11th Amendment, not the territorial clause applying in the Northern Mariana Islands. This deprives the court of jurisdiction as § 922(g)(3 expressly incorporates the reach of the commerce clause as the "jurisdictional hook". Accordingly, Count 3 of the indictment should be dismissed.

Dated this ___ day of September, 2005.

Law Office of G. Anthony Long

By: _____
G. Anthony Long

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802   Fax No: (670) 235-4801

1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 03-00001-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Garapan, Saipan |
| vs. | ) | Wednesday, August 10, 2005 |
| | ) | |
| VANN LE, | ) | |
| | ) | **REPORTER'S PARTIAL TRANSCRIPT OF** |
| Defendant. | ) | **DEFENDANT'S MOTION TO DISMISS FOR** |
| | ) | **LACK OF JURISDICTION** |

**BEFORE THE HONORABLE SENIOR CIRCUIT JUDGE**
**A. WALLACE TOSHIMA FOR THE NINTH CIRCUIT COURT OF APPEALS**
**SITTING AT UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

<u>**APPEARANCES**</u>:

For Plaintiff:      Timothy Moran &
                    Jamie Bowers
                    Assistant United States Attorneys
                    MARIANAS DISTRICT
                    Horiguchi Building, Third Floor
                    P. O. Box 500377
                    Saipan, MP 96950
                    Telephone: (670) 236-2986
                    Facsimile: (670) 236-2945

For Defendant:      G. Anthony Long, Esq.
                    P. O. Box 504970
                    Saipan, MP 96950
                    Telephone: (670) 235-4802
                    Facsimile: (670) 235-4801

Present      :      Defendant Mr. Vann Le

COPY of
Original Filed
on this date

AUG 3 0 2005

Clerk
District Court
For The Northern Mariana Islands

*SANAE N. SHMULL*
Official Court Reporter
P. O. BOX 5128
SAIPAN, MP 96950

2

**GARAPAN, SAIPAN, WEDNESDAY, AUGUST 10, 2005 - 11:10 A.M.**

**RULING**

THE COURT: Yeah, but, you know, if it, if it goes to jurisdiction, I mean, you just can raise that at any time. Here's my ruling. As I said, you know, I think the motion is well crafted. It's well put together. It's a sound argument. I think it's a very close, close issue. But I'm denying the motion. But, you know, I guess, you know, I think the issue has to be decided some time. I think the issue is still open. I don't know how would, how I would rule if I were, you know, if I had this case in the Ninth Circuit. Let me put it that way. But here, I think given the history here and the fact that the issue has been raised before and Judge Munson has ruled on it before, this court has consistently, I think, taken the position that the Hobbs Act -- like other, other criminal laws that depend on the federal government's interstate commerce powers -- applies in the Commonwealth. So I am going to stay with that position. But I encourage Mr. Long to pursue this.

I think it's, you know, it's an important issue. It may have to, someday, has to be decided by the Supreme Court because if you're right, Mr. Long, that the Hobbs Act doesn't apply here, that -- and the reasoning would be because, as your motion explains, the Interstate Commerce Act is not included as one of the provisions

3

of the Constitution that are, that apply to the Commonwealth.   If

that's true, you know, then the whole host of federal criminal laws,

I think, including all the drug laws and including, you know, fraud

laws and a lot of other statutes, I think, would not apply in the

Commonwealth either.   So, I mean, those the possible -- all I'm

saying is those are the possible ramifications of this motion.   So,

but I'm not reaching those today.   I'm just saying, you know, it's a

well, it's a well, put together motion.   And I, you know, some day,

it may succeed.   But for now sitting as a judge of this court, I deny

the motion.

          MR. LONG:  Yes, Your Honor.   And just for the record, to

clarify is that, we're limiting this motion to federal statutes that

have specifically has that jurisdictional hook.   I understand --

          THE COURT:  I understand that.

          MR. LONG:  -- that you --

          THE COURT:  I understand that but nevertheless, you can't

ignore the ramifications of, you know, what that, what the ruling

would be, you know, based on.   But I appreciate that.   All right.

          MR. LONG:  Thank you, Your Honor.

          THE COURT:  But for now, the motion is denied.   Okay?   So

then this case is in recess until next Tuesday morning at 9:00 a.m.,

all right, and it'll be Judge Munson here, I assume. Thank you. (**END

OF RULING**)

1
2      COMMONWEALTH OF THE           )
3      NORTHERN MARIANA ISLANDS )      ss.
4      SAIPAN, MP                    )
5      _____)
6
7
8           I, SANAE N. SHMULL, Official Court Reporter for the
9      United States District Court for the Northern Mariana Islands, do
10     hereby certify:
11          That the foregoing RULING on defendant's Motion to Dismiss
12     for Lack of Jurisdiction in Criminal Case No. 03-00001, *United States*
13     *of America v. Vann Le,* consisting 3 pages, was taken down by me
14     stenographically with a back-up tape recording device at the time and
15     place indicated herein.
16          That the foregoing transcript is a true and correct
17     record of the proceeding transcribed by me to the best of my ability.
18          I further certify that I am not interested in the
19      events of the action.
20          IN WITNESS WHEREOF, I have subscribed my name and
21     signature this 27th day of August 2005.
22
23
24
25                            _____
                                  SANAE N. SHMULL
                              Official Court Reporter