Clerk
District Court

1    LEONARDO M. RAPADAS
United States Attorney
2    TIMOTHY E. MORAN
Assistant United States Attorneys
3    DISTRICT OF THE NORTHERN
      MARIANA ISLANDS
4    Horiguchi Building, Third Floor
P.O. Box 500377
5    Saipan, MP 96950
Telephone:  (670) 236-2982
6    Fax:         (670) 236-2985

SEP 2 2 2005

For The Northern Mariana Islands
By_____
           (Deputy Clerk)

7    Attorneys for United States of America

8

9

10                 UNITED STATES DISTRICT COURT

                 NORTHERN MARIANA ISLANDS

11

12

13    UNITED STATES OF AMERICA,      )     Criminal Case No. 05-00023
                               )
14               Plaintiff,       ) 
                               )     GOVERNMENT'S MEMORANDUM IN
15         v.                    )     OPPOSITION TO DEFENDANT'S
                               )     MOTIONS TO DISMISS, FOR
16    JUAN QUITUGUA,             )     DISCOVERY AND TO SEVER
                               )
17               Defendant.     )     Date:   October 6, 2005
                               )     Time:   9:00 a.m.
18                                     )
                               )
19   _____ )

20

21        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its

22 counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United

23 States Attorney, and hereby files its response to the defendant's motions for pretrial discovery, to

24 dismiss Count Three of the indictment, and alternatively to sever Count Three. The Government

25 respectfully requests that the Court deny the defendant's motions because the Court has

26 jurisdiction over the gun charge here, because the Government is currently in compliance with its

27 discovery obligations, and because severance of Count Three is not warranted on the facts of this

28 case, as discussed below.

1    I.      THE COVENANT PROVIDES JURISDICTION OVER THE GUN CHARGE.

2          The Covenant between the CNMI and United States provides for the applicability of

3    federal criminal law to the CNMI.  As a law of general application to the several states and

4    Guam, Title 18, U.S.C., § 922(g)(3) (the "gun charge") applies to the CNMI through § 502(a) of

5    the Covenant To Establish A Commonwealth of the Northern Mariana Islands in Political Union

6    with the United States (the "Covenant").  Accordingly, the Court should deny the defendant's

7    motion to dismiss for lack of jurisdiction.

8          The defendant argues that the gun charge does not apply in the CNMI because its

9    "jurisdictional hook" is the Commerce Clause, U.S. Const. art. III, § 8, cl. 3, which does not

10   apply to the CNMI.[1]  (Def.'s Mem. in Supp. at p. 8.)  The flaw in the defendant's argument is

11   that he assumes that the gun charge must rely for its jurisdiction on the Commerce Clause,

12   instead of directly on the Covenant.  In other words, the defendant argues that the Covenant must

13   import the Commerce Clause, and then the Commerce Clause must authorize a specific statute,

14   before the statute can apply in the CNMI.  This additional step contradicts the explicit language

15   of the Covenant, which itself provides the "jurisdictional hook" for the gun charge.

16         "[T]he authority of the United States towards the CNMI arises solely under the

17   Covenant."  United States ex rel. Richards v. De Leon Guerrero, 4 F.3d 749, 754 (9th Cir. 1993),

18   quoting Hillblom v. United States, 896 F.2d 426, 429 (9th Cir. 1990).  Federal criminal law

19   became applicable to the CNMI along with the vast majority of other federal statutes by

20   operation of Covenant § 502(a)(2).[2]  That section provides in relevant part that:

21   ————————————

22        [1]The defendant specifically argues that the Government cannot prove the jurisdictional
     element, that the gun at issue traveled in interstate or foreign commerce to the CNMI, which is an
23   issue of fact that the Government is prepared to prove.  (Def.'s Mem. in Supp. at p. 2.)  The gist
     of the defendant's argument is that the Court lacks jurisdiction as a legal matter notwithstanding.
24

25        [2]The first version of the gun charge was enacted in 1968 in the Gun Control Act of 1968,
     Pub. L. 90-619, although it has been significantly amended since then, most notably by the Brady
26   Handgun Violence Prevention Act, Pub. L. 103-159, § 101.  Accordingly, it falls within the
     "subsequent amendment" clause of Covenant § 502(a).  Further, even if the Court found that it
27   was a new law, it would apply  pursuant to Covenant § 105 because it is applicable to the several
     states as well as the CNMI.
28

(a) The following laws of the United States in existence on the effective date of this Section and subsequent amendments to such laws will apply to the Northern Marianas Islands, except as otherwise provided in this Covenant...

    (2) those laws not described in paragraph (1) which are applicable to Guam and which are of general application to the several states as they are applicable to the several States; and . .

Covenant § 502(a)(2); see also De Leon Guerrero, 4 F.3d at 756. The gun charge meets the two prongs of § 502(a)(2): it applies to Guam and the several states. See, e.g., United States v. Perez, 63 F.3d 1371 (9th Cir. 1995) (affirming conviction under 18 U.S.C. § 922 in District Court of Guam).

Precedent strongly supports this position. See e.g., United States v. Du Bo, 1997 WL 33630795, *1 (D.N.M.I. 1997), rev'd on other grounds 186 F.3d 1177 (9th Cir. 1999); Fleming v. Department of Public Safety, 837 F.2d 401, 404-05 (9th Cir. 1988). Fleming, on which the defendant relies, distinguished a Constitutional provision, which is governed by Covenant § 501(a), from a statute of general application. 837 F.2d at 405. In addition to finding that the Eleventh Amendment did not apply to the CNMI, Fleming held that "[b]ecause [42 U.S.C.] section 1983 is applicable by its terms and because it is applicable to Guam and also to the states, we find that section 1983 applies to the Commonwealth." Id. (citations omitted). The Ninth Circuit did not look to whether Congress's authority to legislate § 1983 as to the several states also applied to the CNMI; it simply analyzed the statute under § 502(a)(2)'s two prong test. Finally, the fact that an element of the gun charge requires interstate or foreign commerce demonstrates that it does not interfere with intraterritorial matters and is consistent with § 502. See Section By Section Analysis of the Covenant To Establish A Commonwealth of the Northern Mariana Islands, 53 (Feb. 15, 1975) (noting that the "result of [§ 502(a)(2)] will be the application of a wide variety of federal laws to the Northern Marianas, selected because of their applicability to Guam and to the States").

II.    THE GOVERNMENT IS IN COMPLIANCE WITH ITS DISCOVERY OBLIGATIONS.

The Government has already provided copies of the Fed. R. Crim. P. 16 material in its possession. A copy of the Government's letter concerning its production on September 6, 2005 is attached to the defendant's motion. However, the investigation in this matter is ongoing and

1  the Government may result in additional material subject to Rule 16. The Government will

2  continue to produce such material as it acquires it on a rolling basis and in a timely manner, as it

3  has already done.

4        The Government is also aware of its obligations under <u>Brady</u> and <u>Giglio</u>. The

5  Government has notified the defendant that it is unaware of the existence of exculpatory

6  information that would fall under the requirements of <u>Brady</u>. The Government will make

7  production of any <u>Brady</u> or <u>Giglio</u> material that comes to light no later than the time it provides

8  prior statements of witnesses pursuant to 18 U.S.C. § 3500.

9  III.    SEVERANCE OF COUNT THREE IS NOT WARRANTS ON THESE FACTS.

10        The defendant moves for the Court to sever Count Three, the gun charge, from two drug

11  counts under Fed. R. Crim. P. 8 and 14. Neither rule supports severance on the facts of this case.

12        Rule 8(a) provides in pertinent part that the "indictment or information may charge a

13  defendant in separate counts with 2 or more offenses if the offenses charged ... are of the same or

14  similar character, or are based on the same act or transaction, or are connected with or constitute

15  parts of a common scheme or plan." "Rule 8 is to be broadly construed in favor of initial

16  joinder." <u>United States v. Friedman</u>, 445 F.2d 1076, 1082 (9th Cir. 1971) (upholding joinder of

17  charges arising from same series of transactions). Rule 8 joinder is permitted so liberally in part

18  because of the availability of Rule 14 severance later at trial. <u>Id.</u> The charges here all arise from

19  the same series of transactions over the course of 24 hours.[3] "'Transaction' is a word of flexible

20  meaning that may comprehend a series of related occurrences." <u>United States v. Kinslow</u>, 860

21  F.2d 963, 966 (9th Cir. 1988) (affirming joinder under Rule 8 of possession of a firearm and

22  interstate transportation of a minor for sexual purposes charges that took place within 24 hours

23  and were part of a common plan), <u>overruled on other grounds</u>, <u>United States v. Brackeen</u>, 969

24  F.2d 877 (9th Cir. 1992) (<i>en banc</i>); <u>see also</u> <u>Friedman</u>, 445 F.2d at 1082. Accordingly, joinder

25  under Rule 8 is appropriate.

26  _____

27        [3]As the Complaint further explains, the sale of the gun at the heart of Count Three was
     first arranged during the distribution of ice at issue in Count One, further demonstrating that all

28  counts pertain to the same transaction.

-4-

1  "The test under Rule 14 is whether joinder is 'so manifestly prejudicial that it outweighs

2  the dominant concern with judicial economy and compels the exercise of the court's discretion to

3  sever.'" Kinslow, 860 F.2d at 966-67, quoting United States v. Brashier, 548 F.2d 1315, 1323 (9th

4  Cir. 1976).  The defendant has the burden of the proving that joint trial of charges will prove

5  "manifestly prejudicial." United States v. Lewis, 787 F.2d 1318, 1321 (9th Cir. 1986).  The

6  defendant has not met his burden of showing actual, manifest prejudice.  At most, the defendant

7  notes a potential spillover effect, without defining what that effect would be or how it might

8  prejudice the defendant.  However, the gun and drug charges arise from the same transaction and

9  thus their joint trial will not prejudice the defendant.  See Kinslow, 860 F.2d at 967.

10  Furthermore, these charges do not involve evidence that might raise any concern under Rule 14,

11  such as prior felonies or evidence of a sensational nature.  Accordingly, there is no basis for

12  severance under Rule 14.

13  IV.    CONCLUSION

14        For the reasons stated above, the Government respectfully requests that the Court deny

15  the defendant's motions to dismiss Count Three for lack of jurisdiction, for pretrial discovery,

16  and to sever Count Three.

17

18  Dated: September 22, 2005
        Saipan, CNMI
19

20                                    LEONARDO M. RAPADAS
                                      United States Attorney
                                      District of the Northern Mariana Islands
21

22                                    By:
                                          TIMOTHY E. MORAN
23                                        Assistant U.S. Attorney

24

25

26

27

28

-5-