UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS
*****************************************************************************************

CR- 05-00023  
June 22, 2007  
8:50 a.m.

**UNITED STATES OF AMERICA -v- JUAN I. QUITUGUA**

PRESENT:  HON. ALEX R. MUNSON, Chief Judge Presiding  
SANAE SHMULL, Court Reporter  
K. LYNN LEMIEUX, Courtroom Deputy  
ERIC O'MALLEY, Assistant U. S. Attorney  
G. ANTHONY LONG, Counsel for Defendant  
JUAN I. QUITUGUA, Defendant

PROCEEDING:   SENTENCING

Defendant was present with his court appointed counsel, Attorney G Anthony Long. Government by Eric O'Malley, AUSA. Also present was U.S. Probation Officer, Melinda Brunson.

Court adopted the amended presentence investigation report and instructed the Clerk to file the report and the addendum, under seal, and that the report, and the addendum, be made available if the judgment is appealed. The probation officer's recommendation shall also be placed under seal. No objection by the parties.

The Court announced that advisory guidelines were found  found at **level 15** and that was the guideline the Court intended to apply. No objection by the parties.

Government recommended a sentencing at the low end of the guidelines or a total of eighteen months. Defense argued that the Government should be bound by the plea agreement and give the defendant a downward departure pursuant to § 5K1.1. Government argued. Defense recommended a sentence of probation or 0-6 months incarceration.

Defendant made his allocution to the Court.

SENTENCE:  Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **JUAN I. QUITUGUA**  is hereby sentenced to a term of imprisonment of twelve (12) months on Count I and twelve (12) months as to Count II; both terms to be served concurrently. While in prison, the defendant shall participate in a drug

treatment program as approved by the Bureau of Prisons.

Upon release from imprisonment, the defendant is ordered to serve a term of supervised release of three years as to Count I and three years as to Count II; to be served concurrently, which shall include the following conditions:

1. The defendant shall not commit another federal, state, or local crime;

2. The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not to exceed eight drug tests a month; as directed by the U.S. probation officer;

3. The defendant shall submit to the collection of a DNA sample at the direction of the U.S. Probation Office;

4. The defendant shall comply with the standard conditions of supervised release as set forth by the U.S. Sentencing Commission and codified under 18 U.S.C. § 3583;

5. That the defendant shall be prohibited from possess a firearm or other dangerous weapon and shall not have such weapons at his residence;

6. That the defendant shall participate in a treatment program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall also make co-payment for the program at a rate to be determined by the U.S. Probation Office;

7. That the defendant shall refrain from the use of alcoholic beverages and submit to any testing by the U.S. Probation Office to detect for the consumption of alcohol; and

8. That the defendant shall complete 200 hours of community service under the direction of the U.S. Probation Office.

All fines were waived as it was determined that the defendant did not have the ability to pay a fine.

It was further ordered that the defendant pay a special assessment fee of $200 to be paid immediately after sentencing.

Court announced that the departure from the advisory guidelines, to a level 13, was based on the defendant's desire and willingness to cooperate with the Government and to

change his life and be rehabilitated.

Defense moved that the defendant's sentence be one year **and one day**. Court **DENIED** the motion.

Defense moved that the Court recommend that the defendant be incarcerated in a facility in the state of Oregon. Court stated that the recommendation would be made to the Bureau of Prisons.

Defense moved that the defendant be allowed to remain at liberty on the same terms and conditions as previously set. No objection by the Government. Court ordered that the defendant remain at liberty under the same terms and conditions as previously set and, further, that he contact the U.S. Marshal's Office every Monday, Wednesday and Friday morning between the hours of 9 and 11 a.m. until the U.S. Marshal notifies him that a facility has been designated and that he must surrender.

No objection to the sentence by the attorneys. Defendant was advised that he had 10 days in which to appeal his sentencing. Further, he was advised that if he cannot afford an attorney for the appeal the Court will appoint on for him.

Adj. 9:45 a.m.

/s/K. Lynn Lemieux, Courtroom Deputy